UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GALVIN DUDLEY,

                Plaintiff,

    - against -

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

13 Civ. 0722 (BMC)(LB)

**COGAN**, District Judge.

On February 4, 2013, plaintiff Galvin Dudley, a frequent plaintiff in this Court,[1] filed this *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff worked for defendant for a period of three months and alleges that his employment was terminated without cause. Plaintiff asserts a claim for discrimination based on gender. He filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") on or about September 21, 2012. Plaintiff attached a copy on his NYSDHR complaint form to his complaint in this action. Plaintiff claims that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") at some point less than 60 days prior to his filing of the complaint in this action, but he has not specified that

---

[1] Over the past several years, plaintiff has brought one other *pro se* case in this Court, Dudley v. Brooklyn Pub. Library, No. 09-cv-542, as well as three lawsuits where he, and others, were represented by counsel. Dudley v. Reynolds, No. 12-cv-5541; Dudley v. Cain, No. 11-cv-2745; and Dudley v. New York City, No. 02-cv-6070.

date on which he filed the EEOC charge or attached the EEOC charge to his complaint. Further, plaintiff's complaint acknowledges that the EEOC has not issued him a right-to-sue letter.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, "the degree of solicitude" afforded *pro se* plaintiffs "may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

A plaintiff claiming employment discrimination pursuant to Title VII must pursue administrative procedures before commencing a lawsuit. Specifically, "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." Deravin v. Kerik, 335 F.3d 195, 200 (2d

Cir. 2003). Once a charge is filed with the EEOC, the agency must investigate the charge, initiate an action, or dismiss the charge.

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved. . . .

42 U.S.C. § 2000e-5(f)(1). This notification is called a right-to-sue letter and is a prerequisite to bringing a Title VII suit in federal court. McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006). See also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). The Second Circuit has consistently held that, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citations and internal quotation marks omitted).

This administrative exhaustion requirement applies to *pro se* plaintiffs, just like any other plaintiff. See Kahari v. Salvation Army, No. 08-CV-102, 2008 WL 268760, at *2 (E.D.N.Y. Jan. 30, 2008) (dismissing a *pro se* Title VII complaint for failure to exhaust administrative remedies before the EEOC). Moreover, courts in this District have ruled that a *pro se* plaintiff's complaint may be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) where the plaintiff had not exhausted administrative remedies. Id.

Here, the face of plaintiff's complaint acknowledges that he has not received a right-to-sue letter from the EEOC. Consequently, his complaint in this Court is premature and must be dismissed for failure to state a claim. Plaintiff's complaint is dismissed without prejudice. Should he receive a right-to-sue letter from the EEOC, plaintiff may file a timely complaint in federal court.

3

## CONCLUSION

Accordingly, plaintiff's complaint [1] is dismissed, without prejudice, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to appoint counsel [5] is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 4, 2013